In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-24-00202-CR**

**BOBBY CURTIS SCYRUS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 22-12-17126-CR**

**MEMORANDUM OPINION**

A grand jury indicted Bobby Curtis Scyrus for aggravated assault family violence with a deadly weapon.[1] *See* Tex. Penal Code Ann. § 22.02(a)(2). Scyrus pleaded "not guilty," and he chose to represent himself at trial, with stand-by counsel

---

[1] The grand jury also indicted Scyrus with another offense stemming from the same incident: cruelty to a non-livestock animal, in trial cause number 22-12-17125-CR. The two causes were consolidated for trial. Scyrus filed Notices of Appeal in both trial causes, however he filed a merits brief in the appeal from trial cause number 22-12-17125-CR, which we address in a separate opinion.

available. The jury found him guilty of the offense as charged in the indictment. After hearing evidence on punishment, the jury assessed punishment at nineteen years in prison. Scyrus timely filed a notice of appeal.

On appeal, Appellant's court-ordered appellate attorney filed a brief stating that he has reviewed the case and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Scyrus to file a pro se brief, and Scyrus filed a pro se brief.

The Court of Criminal Appeals has held that when a court of appeals receives an *Anders* brief and also a pro se brief, the appellate court has two choices. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). "It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;] [o]r, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* (citing *Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)). We do not address the merits of each claim raised in an *Anders* brief or a pro se brief when we have determined there are no arguable grounds for review. *Id.* at 827.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record, counsel's brief, and Scyrus's pro se brief, and we have found nothing that would arguably support an appeal. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford*, 813 S.W.2d at 511. We affirm the trial court's judgment.[2]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on July 15, 2025
Opinion Delivered July 23, 2025
Do Not Publish

Before Johnson, Wright and Chambers, JJ.

---

[2] Scyrus may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.1.